IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SEATTLE HOUSE, LLC,**

    **Plaintiff,**

                                  Civil Action 2:20-cv-03284
                                  Judge Edmund A. Sargus, Jr.
    **v.**                               Magistrate Judge Elizabeth P. Deavers

**CITY OF DELAWARE, OHIO,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 13), Plaintiff's Response (ECF No. 16), and Defendant's Reply (ECF No. 18). For the following reasons, the Court **DENIES** Defendant's Motion to Stay Discovery.

**I.**

Plaintiff Seattle House, LLC ("Seattle House") filed a Class Action Complaint on June 29, 2020, against Defendant City of Delaware, Ohio ("the City"), arising from the City's collection of allegedly illegal impact fees. According to the Complaint, "[u]nder the guise of 'capacity fees,' the City purports to charge fees to defray the cost of each new development's use of the City's water and sewer systems." (ECF No. 1, at ¶ 1.) Plaintiffs on behalf of themselves and class members, assert federal claims for a violation of the Fair Housing Act of 1968 ("FHA"), denial of equal protection under 42 U.S.C. § 1983, and deprivation of substantive due process under 42 U.S.C. § 1983. Plaintiffs also assert state law claims for unjust enrichment, a violation of Article XVIII, Section 4 of the Ohio Constitution; and seek a declaratory judgment for a violation of

the city Code.  On September 9, 2020, the City filed a motion for judgment on the pleadings.  (ECF No. 12.)  The motion was accompanied by the current motion to stay discovery.  (ECF No. 13.)  The City contends that a stay is necessary for two reasons.  First, the City asserts that Seattle House has failed to plead a cognizable federal claim.  Further, the City contends that the burden of discovery is excessive and far outweighs any prejudice Seattle House may suffer as a result of the stay.

According to the City, the pleading requirements for Plaintiff's federal claims are specific and heightened.  (ECF No. 13, at p. 4.)  More directly, the City asserts that Seattle House does not have standing for a valid FHA claim because it lacks a cognizable injury in fact and has failed to satisfy the "robust causality" heightened pleading standard for FHA disparate impact liability.  (ECF No. 18, at p. 2.)  The City explains that, as a result, this case presents the unique circumstance where threshold jurisdictional issues regarding standing and pleading requirements would be "substantially vitiated absent a stay."  (ECF No. 18, at p. 1.)  The City contends that, because the focus of its Rule 12(c) motion is limited to the viability of Plaintiffs' claims based exclusively on the factual allegations of the pleadings, there are no factual disputes to be settled and discovery will serve no purpose.  (*Id*. at 5.)

Further, the City asserts that the amount of time and public resources required to respond to discovery that is "broad, deep and span[s] a lengthy time period" in this purported class action will be unduly burdensome, particularly while a motion addressed to foundational issues is pending.  (ECF No. 18 at p. 6.)  In fact, the City contends, the discovery requests are so broad that responding within the 30-day period may not be possible.  Accordingly, the City maintains that a stay would lessen its burden without prejudicing Seattle House because Seattle House has failed to demonstrate that it was or continues to be injured by the City's actions.  (*Id.* at p. 6.)

Seattle House notes that stays of discovery are not favored and urges the Court to decline to issue an advisory opinion on the outcome of a dispositive motion.  (ECF No. 16, at p. 4.)  According to Seattle House, this is not a situation where the virtual certainty of dismissal exists because only a narrow legal issue, such as the running of the statute of limitations, has been presented.  Rather, Seattle House contends, because the potentially dispositive issues here are "fairly debatable," a stay of discovery is inappropriate.  Seattle House notes that the City is not arguing that the Complaint is "utterly frivolous," nor does it invoke a statute of limitations or immunity defense.  Seattle House further characterizes the City's motion as one more properly construed as seeking summary judgment and thereby necessitating discovery.

Additionally, Seattle House contends that the City sets forth only generic and unsupported claims of burden and misconstrues the scope of the requests.  Moreover, Seattle House argues, the City did not attempt to meet-and-confer to address issues such as scope prior to filing its motion.  Seattle House also contends that, contrary to the City's view, it is prejudiced by any delay in its ability to recover the City's "ill-gotten gains."  Finally, Seattle House argues that, because the motion for judgment on the pleadings will not dispose of all of the class claims, the City will have to participate in discovery at some point and there is no basis for delay.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))).  The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010). Even though here Defendant premises its Motion for Judgment on the Pleadings (ECF No. 13) on Federal Rule of Civil Procedure 12(c), this "is the functional equivalent of the 12(b)(6) motion" since it "does not raise any issues of immunity from suit, nor does it present the type of narrow legal issue (such as the running of the statute of limitations) which is easily evaluated in order to determine whether the motion. . . has merit." *DiYanni v. Walnut Tp. Bd. of Educ.*, No. 2:06-CV-0151, 2006 WL 2861018, at *2 (S.D. Ohio Oct. 4, 2006).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

**III.**

The Court concludes that the City has failed to demonstrate that a stay of discovery is justified here.  This case does not present a question of immunity nor is the Complaint obviously frivolous such that the Court could conclude that the motion for judgment on the pleadings is likely to be granted.  Rather, as noted, the essence of the City's argument is that discovery should be stayed because its motion for judgment on the pleadings is addressed to threshold jurisdictional issues of standing and heightened pleading requirements.  Despite the City's effort to distinguish the nature of its motion, its argument fails for several reasons.

First, only the FHA claim is the focus of the City's jurisdictional and heightened pleading standard challenges.  The City argues that Seattle House's § 1983 claims are insufficiently pled.  Moreover, there is no heightened pleading standard applicable to § 1983 claims. *Gambrel v. Knox Cty., Ky.,* No. CV 17-184-DLB, 2018 WL 1457296, at *6 (E.D. Ky. Mar. 23, 2018*); Mason v. Wal-Mart Corp.*, No. 2:14-CV-00446, 2015 WL 1197916 (S.D. Ohio Mar. 16, 2015) (citing *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008)).  Additionally, as noted, Plaintiff's state

law claims are not at issue. In short, setting aside the City's challenges to Plaintiff's FHA claim, the City's motion falls within the realm of most garden-variety motions.[1]

At the same time, even if the City's motion turned solely on a jurisdictional issue, that alone does not necessarily weigh in favor of granting a stay. This is so even if the jurisdictional challenge is directed to the issue of standing. *See Boddie v. PNC Bank, NA,* No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013) (the court, in the exercise of its discretion, denied stay of discovery where standing issue turned on issues not easily resolved). Rather, as the parties acknowledge, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay. *See e.g.*, *Ohio Bell Tele.,* 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable"). Without expressing any opinion as to the merits of the City's dispositive motion, a brief overview of the parties' briefing reveals that to be the situation here. Cases cited by the City, including *Novel v.*

---

[1] As the City acknowledges, its Rule 12(c) motion is the functional equivalent of a motion under Rule 12(b)(6). *See also DiYanni*, 2006 WL 2861018, at *2. Accordingly, the Court is not persuaded by the City's argument that, because no discovery is necessary to resolve Plaintiff's claims, a stay is appropriate. As this Court has noted, had "'the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect'". *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) (quoting *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

*Lowe*, 2014 WL 559088 (S.D. Ohio Feb. 11, 2014) and *Harris v. Aramark*, 2020 WL 91834 (S.D. Ohio January 8, 2020), do not alter this analysis.  Those cases, involving a *pro se* plaintiff and a *pro se* prisoner-plaintiff, respectively, are readily distinguishable in the terms of the debate reflected in the parties' arguments.

Further, the City has not demonstrated that discovery will be particularly burdensome in this case.  To be sure, the City contends that discovery in this putative nationwide class action will interrupt City business and will be a significant strain on its public resources.  But, this argument, to the extent that it is directed to "anticipated" discovery, relies on speculation. (*See* ECF 13, p. 5.)  For example, it assumes that, absent a stay, during the pendency of its dispositive motion, numerous depositions will be undertaken and experts will need to be retained.[2]  More concretely, of course, the City notes its objections to Plaintiff's initial discovery requests.  However, the Federal Rules of Civil Procedure provide other options for addressing the City's concerns short of a complete stay.[3] On the other hand, the City does little to demonstrate that a stay of discovery will be of no consequence to Seattle House.  At most, the City attempts to minimize the nature of Plaintiff's alleged injury, characterizing the Complaint merely as "seek[ing] money."  (ECF No. 18, at p.5, PAGEID # 160.)  All in all, these factors, as currently presented on the record, do not weigh in favor of a stay.

The Court also is not convinced that the particular status of this case as a putative nationwide class action weighs in favor of a complete stay.  Notably, other courts have declined to grant a complete stay of discovery in similar circumstances.  *See, e.g., Udeen v. Subaru of*

---

[2] At the same time, when arguing that Seattle House will not suffer any prejudice, the City describes its request as seeking a "brief discovery stay."

[3] The Court notes Seattle House's representation that the City chose to forego such options, including specifically the meet and confer process, opting instead to file the current motion.

*Am., Inc.,* 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (declining to enter a complete stay of discovery in putative nationwide class action but instead permitting limited discovery only on "core" issues); *Chapman v. McCabe Law Grp., P.A*., No. 3:17-CV-193-J-25JBT, 2017 WL 2333710, at *1 (M.D. Fla. May 25, 2017) (denying stay of discovery in FDCPA putative class action where discovery had been stayed temporarily pending ruling on motion to stay and defendant argued that motion for judgment on the pleadings hinged on a purely legal issue).

Finally, as Seattle House notes, the City's motion is not directed to the state law claims. Consequently, even if the City's motion for judgment on the pleadings is successful, those claims will remain and this case will proceed somewhere. A stay of discovery would "not really save . . . any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any [other court where the] case [is] filed." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *3 (S.D. Ohio May 20, 2019) (citing *Charvat v. NMP, LLC*, 2:09-cv-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009)). This additional circumstance supports the conclusion that the City has not shown that a stay of discovery is appropriate in this case.

## IV.

For the foregoing reasons, the Court finds that Defendant has not carried its burden to show that a stay of discovery is appropriate under the circumstances presented in this case. The Court, therefore, concludes that a stay pending resolution of Defendant's Motion for Judgment on the Pleadings (ECF No. 12) is not warranted. Defendant's Motion to Stay Discovery is hereby **DENIED**. (ECF No. 13.) Defendant is **ORDERED** to respond to Plaintiff's outstanding discovery requests b**y JANUARY 11, 2021**, unless the parties agree to a different date.

**IT IS SO ORDERED.**

Date:  December 10, 2020                    /s/ *Elizabeth A. Preston Deavers*
                                                                                                         ELIZABETH A. PRESTON DEAVERS
                                                                                                        UNITED STATES MAGISTRATE JUDGE